UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

United States of America,
        Plaintiff,
v.                                                No. CR-05-80025
                                                 Hon. Victoria A. Roberts

Earl Johnson,
        Defendant.

**ORDER DISMISSING MOTIONS UNDER 28 U.S.C. § 753(f) and Rule 6(e)**

On February 12, 2015, *pro se* litigant Earl Johnson ("Johnson") filed a motion under 28 U.S.C. § 753(f), seeking trial transcripts and other documents. He also filed a motion under Rule 6(e) of the Federal Rules of Criminal Procedure on March 12, 2015, seeking grand jury materials. Johnson filed these motions to prepare a motion pursuant to 28 U.S.C. § 2255. The Court **DENIES** both motions.

**STATEMENT OF FACTS**

On November 8, 2007, a jury convicted Johnson of: (1) conspiracy to commit a bank robbery; (2) bank robbery with the killing of Norman Anthony Stephens; and (3) murder with a firearm during the course of a violent crime. Johnson was sentenced to life in prison. The Sixth Circuit Court of Appeals affirmed his convictions on September 18, 2009. The United States Supreme Court denied Johnson's petition for a Writ of Certiorari on June 17, 2010.

Johnson filed a motion seeking documents under 28 U.S.C. § 753(f) in order to prepare a motion pursuant to 28 U.S.C. § 2255. He states: the "requested material will aid Defendant in filing a non-frivolous writ, in which he seeks relief." Def.s Mot. 3, ECF No. 897. He also filed a motion under Rule 6(e) of the Federal Rules of Criminal

1

Procedure, seeking grand jury materials, to prove a Sixth Amendment "*Massiah*" violation occurred. Br in support of Def.'s Mot. 2, ECF No. 899. *Massiah* stands for the proposition that "a defendant is denied the basic protections of the Sixth Amendment 'when there [is] used against him at his trial, evidence of his own incriminating words, which federal agents had deliberately elicited from him after he had been indicted and in the absence of his counsel.'" *Ayers v. Hudson*, 623 F.3d 301, 309 (6th Cir. 2010) (quoting *Massiah v. United States,* 377 U.S. 201, 206, 84 S. Ct. 1199 (1964)).

## DISCUSSION

In these motions, Johnson requests a copy of: (1) his trial and sentencing transcripts; (2) the indictment and criminal complaint; (3) out of court statements of all adverse witnesses; (4) a transcript of the tape recordings by the Government's informant, Barron Nix-Bey, of incriminating statements made by Johnson's co-defendant, Timothy O'Reilly; (5) FBI 302s (reports of interviews) pertaining to conversations with Nix-Bey; and (6) a grand jury transcript of Nix-Bey's testimony, and the dates he testified. Johnson says the requested documents are necessary to prove an alleged *Massiah* violation and prepare his habeas petition.

In Johnson's motion under Rule 6(e), he says disclosure of the grand jury materials is necessary to prove a *Massiah* violation occurred. Johnson says Nix-Bey deliberately elicited incriminating statements from O'Reilly, "which is clearly a Sixth Amendment *Massiah* violation," thus outweighing "the need to keep the grand jury testimony of… Nix-Bey secret." Br in support of Def.'s Mot. 1, ECF No. 899.

The Government only responded to Johnson's motion under §753(f), saying it should be denied because Johnson would now be barred from filing a motion under §

2

2255 since he failed to file the motion within the one year statute of limitations. Gov't's Resp. to Def.'s Mot., ECF No. 898. Johnson says the doctrine of equitable tolling should be applied to set aside the one year statute of limitations, because his counsel told him that a § 2255 motion was filed shortly after the Sixth Circuit affirmed his sentence, but in fact was not. The Court, however, does not have to make a decision regarding the one year statute of limitations or the merits of the motions; Johnson failed to adhere to the requirements of 28 U.S.C. § 753(f) and 28 U.S.C. § 2255.

Johnson cannot obtain documents under 28 U.S.C. § 753(f) for the purpose of preparing a case under 28 U.S.C. § 2255. *Dorsey v. United States*, 333 F.2d 1015, 1015 (6th Cir. 1964). Such documents include trial transcripts and pretrial records. *United States v. Lewis*, 37 F.3d 1510 (10th Cir. 1994). A habeas petition must be filed in order for an indigent petitioner to receive trial documents or other parts of the record without cost. *Id.*

Defendants are also not entitled to obtain grand jury materials without showing a "particularized need" for the materials. *Dennis v. United States,* 384 U.S. 855, 870, 86 S. Ct. 1840, 1849, 16 L. Ed. 2d 973 (1966). A particularized need is demonstrated when grand jury material is needed to impeach witnesses, test their credibility, and refresh their memory. *Douglas Oil Co. of California v. Petrol Stops Nw.,* 441 U.S. 211, 222, 99 S. Ct. 1667, 1674, 60 L. Ed. 2d 156 (1979). A defendant's request for grand jury materials for discovery does not constitute a particularized need*. United States v. Reynolds*, No. 3:08-CR-143, 2011 WL 6963112, at *2 (E.D. Tenn. June 8, 2011) *report and recommendation adopted,* No. 3:08-CR-143-1, 2012 WL 37525 (E.D. Tenn. Jan. 9,

3

2012). Thus, Johnson is not entitled to discover grand jury materials before filing a motion for post-conviction relief. *United States v. Tamayo*, 238 F.3d 425 (6th Cir. 2000).

Since Johnson has not filed a § 2255 motion, he is ineligible to receive the requested documents under § 753(f) or the requested grand jury materials to prove an alleged *Massiah* violation under Rule 6(e).

Johnson's motions pursuant to 28 U.S.C. § 753(f) and Rule 6(e) of the Federal Rules of Criminal Procedure are **DENIED.**

**IT IS ORDERED.**

<u>S/Victoria A. Roberts</u>
United States District Judge

Dated: June 26, 2015