UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs

Case No: 05-80025
Hon. Victoria A. Roberts

D-5    EARL JOHNSON,

    Defendant.

_____/

**OPINION DENYING JOHNSON MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Earl Johnson's ("Johnson"), charges arose from a December 12, 2001 robbery of an armored truck delivering cash to the Dearborn Federal Credit Union ("DFCU") in Dearborn, Michigan. As two guards replenished the automated teller machines, several hooded men in masks approached and began shooting. One of the guards was killed and the robbers left with $204,000 in cash and the deceased guard's .38 caliber revolver.

Johnson challenges his federal convictions and sentences for (1) conspiracy to commit bank robbery, 18 U.S.C. §371; (2) bank robbery resulting in death, 18 U.S.C. § 2113(a) and (e); and, (3) murder with a firearm during a crime of violence, 18 U.S.C. §924(j). Johnson filed a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. §2255(a).

For the reasons set forth below, his petition is **DENIED**.

**I.    PROCEDURAL HISTORY**

1

A jury in the United States District Court for the Eastern District of Michigan convicted Johnson of three offenses. On April 22, 2008, he was sentenced to sixty month imprisonment for conspiracy to commit bank robbery (Count I), and life imprisonment for bank robbery and premeditated murder with a firearm. (Counts II and III). Johnson timely appealed. The Sixth Circuit affirmed his convictions. *United States v. Johnson*, 581 F.3d 320, 323 (6th Cir. 2009). The Supreme Court denied Johnson's petition for certiorari review on June 17, 2010. *Johnson v. United States*, 560 U.S. 966, 130 S. Ct. 3409, 177 L. Ed. 2d 326 (2010).

On July 1, 2016, Johnson filed the motion now before the Court, raising the following issues:

1. Johnson claims his §924(j) conviction must be set aside because it is unsupported by 18 U.S.C. §924(c)(3). He claims federal bank robbery under §2113(a) cannot constitute a "crime of violence" under §924(c)(3)(A) (the *force* clause) "because it can be accomplished without the use, attempted use, or threatened use of physical force." Motion to Vacate. (Dk. 910) at 5. Johnson further claims federal bank robbery under § 2113(a) cannot constitute a "crime of violence" under §924(c)(3)(B) (the *residual* clause) because the residual clause is unconstitutionally vague after the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Motion to Vacate. (Dk. 910) at 4.

2. Johnson claims ineffective assistance of counsel, asserting counsel "(1) Failed to Properly Conduct Pre-trial Investigations; (2) Grossly Misinformed Petitioner Regarding Applicable Federal Law Which Caused Petitioner to Reject the Government's

2

10 Year Plea Offer; and, (3) Failed to Raise Several Objections and Legal Arguments During the Sentencing Hearing." Motion to Vacate. (Dk. 910) at 12.

The United States filed a response to the Johnson's motion, arguing that Johnson's §924(j) conviction is supported by either clause of §924(c)(3). The Government contends that the Court cannot vacate the §924(j) conviction because (a) *Johnson* has not been made retroactively applicable on collateral review; (b) the Sixth Circuit's decision in *United States v. Taylor*, 814 F.3d. 340 (2016) precludes Johnson's claim by collateral estoppel; and, (c) even if the residual clause is unconstitutionally vague, Johnson's §924(j) conviction is still supported by §924(c)(3) because armed bank robbery qualifies as a "crime of violence" under the *force* clause.

Finally the Government asserts that a one-year statute of limitations bars Johnson's ineffective assistance of counsel claim.

## II.   FACTS

In August 2004, the Detroit office of the Federal Bureau of Investigation received a letter from Baron Nix-Bey, an inmate at the Ryan Correctional Facility, Michigan Department of Corrections. The letter stated Timothy O'Reilly, another inmate, had bragged about participating in the DFCU robbery. FBI agent Barry Higginbotham contacted Nix-Bey and asked him to take notes on his conversations with O'Reilly. When O'Reilly was transferred to Macomb Correctional Facility, the Michigan Department of Corrections also transferred Nix-Bey.

In October or November of 2004, Agent Higginbotham asked Nix-Bey if he would be willing to use a recording device in his conversations with O'Reilly. Nix-Bey agreed.

On December 14, 2004, using a recording device disguised as a radio, Nix-Bey recorded a conversation with O'Reilly in the yard of the Macomb Correctional Facility. He asked O'Reilly for details about the DFCU robbery. O'Reilly provided extensive information, including full names of other participants. Using this information, Higginbotham contacted and obtained the cooperation of two of the other robbers, Johnson's co-defendants Khayyam Wilson and Henry Matthews. Through them, Higginbotham confirmed O'Reilly's statements about the crime and learned more about the roles of the participants. Wilson and Matthews informed Higginbotham that Johnson recruited them. Johnson was arrested in December 2004.

### III.     STANDARD OF REVIEW

A federal custodial sentence may be vacated, set aside or corrected if: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or, (4) the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255(a).

To prevail, "a petitioner must demonstrate the existence of an error of constitutional magnitude[,] which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d. 855, 858 (6th Cir. 2005).

§2255 motions are subject to a one-year statute of limitations. The limitation period runs from the latest of: (1) the date the judgment became final; (2) the date an unlawful government impediment was removed, if the impediment prevented the motion; (3) the date the right asserted was initially recognized by the Supreme Court, if the right was made retroactively applicable to cases on collateral review; and, (4) the date the facts

supporting the claim presented could have been discovered through due diligence. §2255(f)(1)-(4).

## IV. ANALYSIS

### A. Johnson's Conviction Under 924(j) is Supported by 924(c)(3)

Johnson's conviction under 18 U.S.C. § 924(j) must be supported by a "crime of violence" under §924(c)(3)(A) or (B). Section 924(j) provides sentencing guidelines for defendants who cause the death of a person by firearm while committing an act in violation of §924(c). Subsection (c) imposes mandatory additional sentences for anyone who uses or carries a firearm during or in relation to a "crime of violence." A "crime of violence" is defined in subsection §924(c)(3) as "an offense that is a felony and—(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." §924(c)(3)(A) is referred to as the "*force* clause" and §924(c)(3)(B) is referred to as the "residual clause."

Under §2113(a), federal bank robbery can be accomplished by "force and violence, or by intimidation[.]"

#### a. §924(c)(3)(A), The *Force* Clause

Johnson argues §2113(a) is not a "crime of violence" under the *force* clause because it can be accomplished by intimidation, which can be accomplished unintentionally and without force.

Johnson suggests the Court should take the "categorical approach" to determine whether his offense qualifies as a "crime of violence" under §924(c). This approach

requires courts to examine what the conviction necessarily involved rather than the specific facts of the case. *Johnson v. United States*, 559 U.S. 133, 140 (2010). Johnson argues that under this approach, if the most innocent conduct penalized by the statute does not constitute a "crime of violence," the statute categorically fails to qualify as a 'crime of violence.'" Motion to Vacate. (Dk. 910) at 6.

The authority relied on by Johnson does not show that the Court must apply the categorical approach to determine if a crime is a "crime of violence" under §924(c)(3). Rather, his authority applies the categorical approach to other subsections of the statute. *See Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013) (applying the categorical approach to determine whether a prior conviction was a "violent felony" for purposes of §924(e)); *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1683 (2013) (applying the categorical approach to determine if a state conviction qualifies as a "drug trafficking crime" under the Controlled Substances Act, §924(c)(2)).

Johnson also argues that, because "intimidation" can be accomplished without an intentional threat of force, it fails to satisfy the intentional *mens rea* requirement under the *force* clause. Johnson cites several cases from other circuits upholding convictions for federal bank robbery under §2113(a) despite defendants' lack of intent to intimidate. Presumably, Johnson is arguing—again without providing supporting authority—convictions under the *force* clause require an intent, *mens rea*, element. This argument fails as well.

The Sixth Circuit has rejected the argument that armed bank robbery under § 2113(a) does not qualify as a crime of violence within the meaning of the force clause

6

merely because it may be committed with intimidation. *See United States v. McBride*, 826 F.3d 293, 296 (6th Cir. 2016).

Similarly, other Circuits hold that armed bank robbery under §2113(a) is a crime of violence for purposes of the *force* clause. *See United States v. Adkins*, 937 F. 2d 947, 950 (4th Cir. 1991); *United States v. Wright*, 215 F.3d. 1020, 1028 (9th Cir. 2000); *Royal v. Tombone*, 141 F.3d. 596, 601 (5th Cir. 1998).

Johnson's argument is unavailing.

### b. §924(c)(3)(B), The Residual Clause

Johnson claims the *residual* clause is unconstitutionally vague after the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

In *Johnson*, the Supreme Court held imposing an increased sentence under a similar clause, the residual clause of 18 U.S.C. §924(e), the Armed Career Criminal Act (ACCA), violated the constitutional guarantee of due process because the clause's definition of "violent felony" was unconstitutionally vague.

The ACCA requires courts to impose mandatory sentences for persons who have three previous convictions for a crime constituting a "violent felony," and then who violate 18 U.S.C. §922(g). The ACCA defines a "violent felony" as: "any crime punishable by imprisonment for a term exceeding one year…that—(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." §924(e)(2)(B). The Supreme Court held the language "or otherwise involves conduct that presents a serious potential risk of physical injury to another," known as the

ACCA's residual clause, "denies fair notice to defendants and invites arbitrary enforcement by judges[,]" and therefore, "[i]ncreasing the defendant's sentence under the clause denies due process of law." *Johnson*, 135 S. Ct. at 2557.

### c. Johnson's §2255 Motion is Time Barred

Section 2255 motions are subject to a one-year statute of limitations which begins running the date the judgment became final. §2255(f)(1). An exception to this one-year rule exists for petitioners asserting a right newly recognized by the Supreme Court and made retroactively applicable on collateral review. §2255(f)(3). The right recognized in *Johnson* has not been made retroactively applicable on collateral review. Therefore, Johnson's claim does not qualify for the exception to the one-year statute of limitations.

Johnson's conviction became final on June 17, 2010. His petition was not filed until July 1, 2016. Johnson's claim is barred as untimely under §2255(f)(1).

Even if this petition was timely, Johnson's challenge is precluded by the Sixth Circuit's decision in *Taylor*. In *Taylor*, the defendant was convicted under §924(j). The defendant argued the Supreme Court's decision in *Johnson* compelled the conclusion that the residual clause of §924(c)(3) was unconstitutionally vague because the language was substantially similar to the language of the residual clause invalidated in *Johnson*. The Sixth Circuit declined to apply the reasoning in *Johnson* to invalidate the residual clause of §924(c)(3); the Court found the definition of "crime of violence" under §924(c)(3)(B) is narrower than the definition of "violent felony" under the statute invalidated in *Johnson*. The *Taylor* Court specifically held the analysis in *Johnson* does not apply to §924(c)(3) convictions. *Taylor*, 814 F.3d. at 375-377.

Unquestionably, Johnson's particular crime was a crime of violence.

Johnson's §924(c)(3) claim fails entirely.

**B. Johnson's Ineffective Assistance of Counsel Claim is Time Barred.**

Johnson's ineffective assistance of counsel claim is barred as untimely. It was raised six years after his conviction became final. Johnson asserts no ineffective assistance of counsel claim which fits any of the exceptions to the one-year statute of limitations in §2255(f). He cites to no unlawful governmental impediments to his ineffective assistance of counsel claim, let alone an impediment removed within the year prior to his motion. Johnson relies on no retroactively applicable right to counsel newly recognized by the Supreme Court within the year prior to his filing. Finally, Johnson cites no new facts to support a claim of newly discovered evidence within the year prior to his filing.

## V. CONCLUSION

Petitioner's motion is **DENIED**.

IT IS ORDERED.

<u>S/Victoria A. Roberts</u>
United States District Judge

Dated: December 8, 2016

9