UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EARL JOHNSON,

    Petitioner,

v.                                                        Case No: 05-80025
                                                           Honorable Victoria A. Roberts

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER DENYING MOTION TO RECONSIDER AND REOPEN PROCEEDINGS

On March 13, 2017, Mr. Johnson filed the above entitled motion. (Doc. #926). He asks the Court to revisit its decision of December 8, 2016 (Doc. #916), denying his Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255(a) (Doc. #910). In his original motion, Johnson challenged his federal convictions and sentences for (1) conspiracy to commit bank robbery, 18 U.S.C. § 371; (2) bank robbery resulting in death, 18 U.S.C. § 2113(a) and (e); and (3) murder with a firearm during a crime of violence, 18 U.S.C § 924(j).

In denying his petition, the Court held that Johnson's claims were time barred under 28 U.S.C. § 2255(f)(1), since his conviction became final on June 17, 2010, and he did not file his petition until July 1, 2016. The Court went on to say, however, that even if Johnson's petition was timely, his argument that his § 924(j) conviction should be set aside as not being a crime of violence lacked merit in light of the Sixth Circuit's decision in *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016).

1

Johnson's charges arose from a December 12, 2001 robbery of an armored truck delivering cash to the Dearborn Federal Credit Union in Dearborn, Michigan. As two guards replenished the automated teller machines, several hooded men in masks approached and began shooting. One of the guards was killed, and the robbers left with $204,000 in cash and the deceased guard's .38 caliber revolver.

Even if his petition was timely, Johnson's challenge is precluded by the Sixth Circuit's decision in *Taylor*. In *Taylor*, the defendant was convicted under § 924(j). In urging reversal, Taylor argued the Supreme Court's decision in *Johnson v. United States,* 135 S. Ct. 2551 (2015), compelled the conclusion that the residual clause of § 924(c)(3) was unconstitutionally vague because the language was substantially similar to the language of the residual clause invalidated in *Johnson*. The *Taylor* court declined to apply the reasoning in *Johnson* to invalidate the residual clause of § 924(c)(3); it found the definition of "crime of violence" under § 924(c)(3)(B) to be narrower than the definition of "violent felony" under the statute invalidated in *Johnson*. *Taylor*, 814 F.3d at 375-77. The *Taylor* Court specifically held that the analysis in *Johnson* does not apply to § 924(c)(3) convictions. *Id*. Unquestionably, Johnson's particular crime was a crime of violence.

Johnson's § 924(c)(3) claim fails entirely.

Further, in its December 8, 2016 decision, this Court held that Johnson's ineffective assistance of counsel claim was time barred because it, too, was raised six years after his conviction became final, and Johnson cited nothing exceptional that would allow the claim to proceed.

In his motion to reconsider, Johnson says the Court erred by not giving him notice that his § 2255 petition was going to be dismissed as untimely. He relies on Fed. R. Civ. P. 60(b), which he says allows him to seek relief under a limited set of circumstances, including fraud, mistake, newly discovered evidence, or any other reason that justifies relief. While Johnson correctly states the rule, he provides no ground for relief, except to say that he believed Attorney Elizabeth Jacob was going to file a § 2255 motion on his behalf and she failed to do it.

Johnson is incorrect that the Court was required to give him notice that his petition might be dismissed as untimely. Secondly, while the Court did say the petition was untimely, the Court went on to consider his § 924(j) argument on the merits. Finally, while the Court did not consider Johnson's ineffective assistance of counsel claim on the merits, in this motion for reconsideration, Johnson offers no good reason why he himself waited six years after not hearing from Ms. Jacobs, to file his petition. Long before the expiration of six years, Johnson was required to exercise some diligence to present his claim. *See McClendon v. Sherman*, 329 F.3d 490, 495 (6th Cir. 2003). And, as the Court stated in its December 8, 2016 Order:

> Johnson's ineffective assistance of counsel claim is barred as untimely. It was raised six years after his conviction became final. Johnson asserts no ineffective assistance of counsel claim which fits any of the exceptions to the one-year statute of limitations in § 2255(f). He cites to no unlawful governmental impediments to his ineffective assistance of counsel claim, let alone an impediment removed within the year prior to his motion. Johnson relies on no retroactively applicable right to counsel newly recognized by the Supreme Court within the year prior to his filing. Finally, Johnson cites no new facts to support a claim of newly discovered evidence within the year prior to his filing.

Johnson fails to satisfy the requirements of Rule 60.  He also fails to carry his burden under this Court's local rule allowing it to reconsider decisions:

> Generally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3).

No part of Johnson's motion satisfies the requirements of the Court's local rule.

The Motion is **DENIED**.

**IT IS ORDERED**.

    /s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  May 8, 2017

> The undersigned certifies that a copy of this document was served on the attorneys of record and Earl Johnson by electronic means or U.S. Mail on May 8, 2017.
>
> s/Linda Vertriest
> Deputy Clerk