UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EARL JOHNSON,

    Petitioner,

v.

    Case No. 05-80025
    Hon. Victoria A. Roberts

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION
TO ARREST JUDGMENT [ECF No. 956]**

**I.    INTRODUCTION**

Earl Johnson ("Johnson") moves the Court to arrest judgment and overturn his conviction for murder with a firearm under 18 U.S.C. § 924(j). He says a recent Supreme Court decision, *United States v. Davis,* 139 S. Ct. 2319 (2019), retroactively deprives this Court of jurisdiction over his case. Johnson also relies on Fed. R. Crim. P 34, which says, "Upon the defendant's motion or on its own, the court must arrest judgment if the court does not have jurisdiction of the charged offense."

In 2008 Johnson was convicted of: (Count 1) conspiracy to commit bank robbery in violation of 18 U.S.C. § 371; (Count 2) bank robbery resulting in death in violation of 18 U.S.C. § 2113(a) and (e) and; (Count 3)

1

murder with a firearm during a crime of violence in violation of 18 U.S.C. § 924(j). This motion only concerns Johnson's § 924(j) conviction.

*Davis* held that 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. Johnson's conviction falls under § 924(j), which details sentencing requirements for convictions pertaining to § 924(c). Johnson says *Davis* means this Court did not have jurisdiction to hear his case, and he is entitled to immediate release from prison.

The Court **DENIES** Johnson's motion.

## II. DISCUSSION

Johnson's motion fails on procedural and substantive grounds.

Johnson relies on Fed. R. Crim. P. 34. Rule 34(a), which requires a defendant to make a motion "within 14 days after the court accepts a verdict or finding of guilty, or after a plea of guilty or nolo contendere" if the Court "does not have jurisdiction of the charged offense." Johnson was convicted in 2008; his motion falls well outside the fourteen-day time limit.

For that reason alone, Johnson's request is procedurally barred. Johnson says the Court should equitably toll the statute of limitations and allow his motion to proceed. Rule 45(b)(1) states "when an act must or may be done within a specified period, the court on its own may extend the time, or for good cause may do so on a party's motion made . . . after the time

expires if the party failed to act because of excusable neglect." Fed. R. Crim. P. 45(b)(1). Johnson bases his equitable tolling argument on "excusable neglect." He says since *Davis* was not decided until 2019, the grounds for his motion did not exist at the time of his conviction.

The *Davis* decision has nothing to do with jurisdiction. *Davis* establishes a new principle of law that is grounds for collateral appeal of select convictions; it does not retroactively deprive courts of jurisdiction. Fed. R. Crim. P. 34 is not an appropriate vehicle for the relief Johnson seeks. Judgment can be arrested only where courts lack jurisdiction in the first instance.

Johnson essentially asks the Court to vacate his sentence because he says the sentence was based on an unconstitutionally vague law. Such a claim is more cognizable under 28 U.S.C. § 2255. This statute allows a prisoner to claim the right to be released "upon the ground that the sentence imposed was in violation of the Constitution or laws of the United States . . . or otherwise subject to collateral attack." 28 U.S.C. § 2255(a). All motions in the Eastern District of Michigan based upon the *Davis* decision have been considered under 28 U.S.C. § 2255.

For Johnson to file a motion under § 2255, however, would be an exercise in futility. He has already filed a § 2255 petition. Johnson moved to

3

vacate his sentence under 28 U.S.C. § 2255 for basically the same reason. This Court dismissed his appeal as untimely, and the Sixth Circuit affirmed. [ECF No. 941]

Furthermore, a new § 2255 motion might be considered a successive habeas petition, subject to dismissal. "A claim presented in a second or successive habeas corpus application . . . shall be dismissed unless the applicant show that the claim relies on a new rule of constitutional law . . . that was previously unavailable." 28 U.S.C. § 2244(b)(1)(2)(A). Johnson cannot base this petition on an argument he has already made.

As now framed, Johnson's motion fails procedurally as already discussed. It also fails on substantive grounds.

Johnson's challenged conviction, murder with a firearm during a crime of violence, falls under 18 U.S.C. § 924(j). This section of the statute details sentencing requirements for a person who causes the death of another person in connection with an underlying "crime of violence."

"Crime of violence" is defined in § 924(c)(3):

For purposes of this subsection the term "crime of violence" means an offense that is a felony and—

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Courts commonly refer to clause A as the "elements clause" and clause B as the "residual clause." *Davis*, 139 S. Ct. at 2324.

The Supreme Court held in *Davis* that the "residual clause" of 18 U.S.C. § 924(c) was unconstitutionally vague. *Davis,* 139 S. Ct. at 2336. However, Johnson's conviction is sustainable under the elements clause, without reference to the residual clause.

Johnson was convicted of murder with a firearm, and his underlying "crime of violence" was bank robbery, a crime of violence under the elements clause. *See United States v. Henry*, 722 Fed. Appx. 496, 500 (6th Cir. 2018) ("A necessary element of bank robbery is the use of 'force and violence' or 'intimidation' . . . And intimidation is all it takes to satisfy § 924(c)(3)(A)'s elements clause.") *See also United States v. Walker*, 2019 WL 4126557 (E.D. Mich. Aug. 30, 2019) (holding that bank robbery satisfies the elements clause, and a motion for relief based on *Davis* fails); *Spearman v. United States*, 2019 WL 5455467 (E.D. Mich. Oct. 24, 2019) (same); *United States v. Harris*, 2019 WL 4746746 (E.D. Mich. Sept. 30, 2019) (holding that a Hobbs Act robbery is a violent crime within the

meaning of the elements clause, and a motion to vacate a sentence based on *Davis* fails).

*Davis* only held that the residual clause of § 924(c)(3) was unconstitutionally vague. *Davis*, 139 S. Ct. at 2336.

Since Davis's conviction is grounded in the elements clause and not the residual clause, his conviction is not subject to collateral attack under *Davis*.

Johnson's motion fails; the residual clause of § 924(c)(3) is not implicated in his conviction.

### III. CONCLUSION

The Court **DENIES** Johnson's motion to arrest judgment.

**IT IS ORDERED.**

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: November 15, 2019