UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                          Case No. 05-CR-80025
                                           Honorable Victoria A. Roberts

EARL JOHNSON, D-5,

    Defendant.

_____/

**ORDER DENYING JOHNSON'S MOTION FOR REDUCTION IN SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i) [ECF NO. 1011]**

## I. Introduction

Earl Lee Johnson ('Johnson") orchestrated the armed robbery of an armored truck delivering cash to the Dearborn Federal Credit Union ("DFCU") in Dearborn, Michigan. Johnson and his accomplices murdered one of the guards and escaped with $207,000 in cash. A jury convicted Johnson for the crime. The Court sentenced him to life imprisonment. He now moves for compassionate release.

Johnson points to several reasons to support his request. He says his punishment was overly harsh and disparate compared to his codefendants. Johnson also says the COVID-19 pandemic and the conditions it created in prison made serving his sentence particularly disagreeable. Finally,

1

Johnson points to his rehabilitation as grounds for his release. No reason is convincing. The Court **DENIES** the motion.

## II.   Discussion

Upon a defendant's motion, the Court may modify his sentence if: (1) he fully exhausts all administrative remedies; (2) he shows "extraordinary and compelling reasons to warrant release; and (3) the factors in 18 U.S.C. § 3553(a) support the release. *See* 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021).

The court also considers whether a defendant's release is consistent with applicable policy statements issued by the Sentencing Commission. Currently, no policy statement applies when a defendant (as opposed to the Bureau of Prisons) files a motion. *United States v. McKinnie*, 24 F.4th 583, 586 (6th Cir. 2022).

Johnson fully exhausted administrative remedies, but he cannot show that extraordinary and compelling circumstances warrant compassionate release, or that the § 3553(a) factors favor release.

### A. The Reasons Cited Are Not Extraordinary And Compelling.

Johnson says the following reasons support a sentence reduction; (1) his age at the time of the offense; (2) the sentencing disparities between him and his codefendants; (3) the dangers presented by the COVID-19

pandemic and the harsher conditions of confinement under COIVD-19; and (4) his record of rehabilitation.

First, with respect to Johnson's age: that fact was known at the time of sentencing and cannot now be considered as a reason for early termination. *United States v. Thornton*, No. 21-1418, 2023 WL 2293101 (6th Cir. Mar. 1, 2023).

Even if the Court considered his age, it would not be an extraordinary or compelling reason to grant release. At 34, Johnson was not a teenager or young adult but a grown man with a family and career. He was fully capable of understanding the consequences of his actions.

Second, the Court believes that any sentencing disparities between Johnson and his codefendants are not extraordinary. Johnson used his connections and intellect to assemble a team of criminals and orchestrate a robbery that resulted in murder. While Johnson may not have pulled the trigger, the entire scheme was his brainchild. His indispensable role resulted in the death that accompanied the robbery. Johnson's role as the leader made him more culpable than his codefendants and justifies any disparity. Further, his codefendants pled guilty and assisted the government. There is nothing extraordinary or compelling about a sentence disparity that results from a co-defendant's decision to plead guilty and

assist the government. *United States v. Hunter*, 12 F.4th 555, 572 (6th Cir. 2021), *cert. denied*, 142 S. Ct. 2771, 213 L. Ed. 2d 1008 (2022).

Third, neither the COVID-19 pandemic nor Johnson's imprisonment during the pandemic is extraordinary. Nearly every other prisoner in this country dealt with the threat of a COVID-19 infection and more restrictive prison conditions during the pandemic. Johnson's experience is quite ordinary in that regard.

Further, unlike the cases he relies on, Johnson does not claim to have ongoing health issues that were exacerbated by a COVID-19 infection. He also does not say there was any issue with getting vaccinated against the virus. The possibility of an apparently vaccinated and healthy adult contracting COVID-19 is not extraordinary or compelling grounds to grant compassionate release. Neither is the argument that COVID-19 made his sentence harsher. *See United States v. Weaver*, No. 18-20364, 2022 WL 350719, at *2 (E.D. Mich. Feb. 4, 2022); *See also United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) ("absent extenuating circumstances" the COVID-19 pandemic is not an extraordinary or compelling reason for compassionate release with COVID-19 vaccinations now available to federal prisoners.)

Fourth, Johnson cites his rehabilitation. While it is true that his rehabilitation is noteworthy, Johnson's time in custody has not been without incident. Even if he had been the perfect prisoner, rehabilitation without more is not an extraordinary and compelling circumstance warranting compassionate release. *See Hunter,* 12 F.4th 555.

When taken alone or in combination with the other reasons stated, Johnson's rehabilitation is not extraordinary or compelling grounds for release.

Johnson also asks the Court to consider the proposed amendments to the sentencing guidelines that affect compassionate release. The amendments take effect November 2023 and expand courts' discretion to fashion appropriate relief in extraordinary cases. But the analysis above shows that Johnson's circumstances are not extraordinary.

**B. The 3553(a) Factors Weigh Against Compassionate Release**

Even if Johnson's circumstances were extraordinary and compelling, the § 3553(a) factors do not favor release.

Johnson's crime is serious; he recruited and organized armed robbers to steal money from an armored truck. He conducted surveillance at DFCU to perfect his crime. On the morning of the robbery, his team shot the guard of that truck, Norman Stephens, twice. As Norman died on the

5

ground beneath them, Johnson and his team stole over $200,000 from the truck and fled the scene. They showed no care for life fading in front of them. Instead, they returned to Johnson's home to divide the money and listen to the police respond to the incident.

The Court believes that the sentence it imposed serves the § 3553(a) factors: it accounts for Johnson's history and circumstances. It reflects the seriousness of his offenses, promotes respect for the law, provides just punishment, and affords adequate deterrence.

### III. Conclusion

The Court **DENIES** Johnson's motion for reduction of sentence.

**IT IS ORDERED.**

s/ Victoria A. Roberts<br>Victoria A. Roberts<br>United States District Judge

Dated: 8/24/2023